UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH A. CANTORE,

       Petitioner,

v.

       Case Number 06-13944-BC
       Honorable Thomas L. Ludington

C. EICHENLAUB,

       Respondent.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Keith A. Cantore, presently confined at the Federal Correctional Institute in Milan, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner was sentenced to forty months imprisonment following a conviction in the United States District Court for the Norther District of Illinois. Cantore's petition raises one issue: whether he is eligible for placement in a Community Corrections Center (CCC). The Court now concludes that the petitioner has failed to exhaust available administrative remedies and therefore will dismiss the petition without prejudice.

I.

In his pleadings, the petitioner writes that he was sentenced to forty months imprisonment following a conviction in the United States District Court for the Northern District of Illinois. He does not indicate the date upon which he was convicted or provide his projected release date for CCC placement or full term release. However, the Bureau of Prison's prisoner locator database lists Petitioner's projected release date as December 11, 2008.

The petitioner claims that he asked the BOP to consider him for CCC placement in August of 2006, but was informed that he would not be considered for such placement until he was in the final ten percent of his sentence. He insists that he presently is challenging the BOP's decision through appropriate channels and refers to a statement regarding exhaustion of remedies. That statement, however, does not appear in any of the petitioner's submissions. In any event, he concedes that he has not fully exhausted available administrative remedies. The petitioner believes that exhaustion would be futile.

II.

Generally, prisoners seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 must exhaust administrative remedies. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The petitioner has the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th . 1994). In this case, the petitioner has not demonstrated exhaustion. For example, although the petitioner suggests that he is challenging the BOP's determination, he makes no showing that he filed an appropriate complaint with the BOP and otherwise pursued appellate rights within the BOP. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Nor has the petitioner demonstrated that exhausting these remedies would be futile. Exhaustion under the circumstances requires that the petitioner fairly present his claims the BOP. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). It does not necessarily mean that the BOP must rule on the merits of the claims. In other words, it is the presentation of the claims that satisfies the requirement, and the petitioner at a minimum must attempt to fully exhaust administrative remedies. *See Six v. United States Parole Comm'n.*, 502 F. Supp. 446, 448 (E.D. Mich. 1980); *see also Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D. Mich. July 11, 2006)

(requiring federal prisoner to exhaust administrative remedies as to CCC placement issues before pursuing habeas action); *cf. Hacker v. Federal Bureau of Prisons*, 2006 WL 2559792, *7 (E.D. Mich. Sept. 1, 2006) (finding that lack of exhaustion was not fatal to preliminary injunction motion to the extent that the petitioner challenged the BOP's regulation). The petitioner has not shown why he cannot fairly present his claims to the BOP, and no showing of futility is present on this record.

III.

The Court concludes that the petitioner has not exhausted available administrative remedies. Nor has he shown that exhaustion of BOP remedies would be futile or impede his ability to seek habeas relief under the circumstances.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt #1] is **DISMISSED WITHOUT PREJUDICE**. The petitioner need not apply for a certificate of appealability before seeking to appeal this decision. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (reasoning that a certificate of appealability is not needed for dismissals of habeas petitions filed under 28 U.S.C. § 2241).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 14, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 14, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS